UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ZACARIAS CATALAN,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-07774-DC-CSK (HC)<br><br><u>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 8, 10) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 10), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondent does not oppose the court ruling directly on the merits of the habeas petition. (Doc. No. 12 at 3.) Given that Petitioner is proceeding pro se and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and Petitioner's right to due process by failing to provide Petitioner with a prompt custody redetermination hearing despite his explicit request for one. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

**BACKGROUND**

Petitioner Juan Zacarias Catalan is a native and citizen of Mexico. (Doc. No. 12 at 5.) Petitioner entered the United States without inspection on an unknown date. (*Id.* at 6.) Petitioner had no interactions with U.S. immigration authorities prior to his arrest. (*Id.*) Petitioner came to the attention of U.S. Immigration and Customs Enforcement ("ICE") officers following his July 16, 2026 arrest for possession of a controlled substance, use of paraphernalia, and providing a peace officer with false personal information. (*Id.* at 7.) The ICE officers arrested Petitioner on July 22, 2026, at the Salt Lake County Metro Jail. (*Id.* at 6.) It is unclear from the record if Petitioner had been released from state custody at the time of his detention by immigration authorities. Petitioner has been in immigration detention since that time and is currently detained in the California City Detention Center. (Doc. No. 1 at 1.)

On September 23, 2026, Petitioner filed the pending habeas petition contending that his warrantless arrest and his continued detention violate his constitutional rights under the Fifth Amendment Due Process Clause and his statutory rights under the Immigration and Nationality Act. (*Id.* at 6–8.)

On October 5, 2026, Respondent filed his answer to Petitioner's habeas petition in which he argues that Petitioner is detained under 8 U.S.C. § 1226(a), that he is entitled to a custody redetermination hearing under that statute, and that he is not entitled to any further relief. (Doc. No. 6 at 1–2.) Respondent attached to his answer Petitioner's notice to appear dated July 22, 2026 (*Id.* at 4–7) and Petitioner's FBI RAP sheet (*Id.* at 9–22).

On October 9, 2026, Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 10.)

On October 15, 2026, Respondent filed his opposition to Petitioner's motion for temporary restraining order in which they again argue that Petitioner is lawfully detained under § 1226(a). (Doc. No. 12 at 1–3.) Respondent attached additional documentation to the opposition including Petitioner's record of deportable alien (*id.* at 5–7); Petitioner's arrest warrant dated July 22, 2026 (*id.* at 24–25); and Petitioner's notice to appear dated July 22, 2026 (*id.* at 27–30).

On that same day Respondent filed a supplement attaching Petitioner's notice of custody

determination. (*Id.* at 3.) The notice is dated July 22, 2026. (*Id.*) On the notice, Petitioner indicates his request for "an immigration judge review of this custody determination." (*Id.*) His request for immigration judge review is also dated July 22, 2026. (*Id.*)

**DISCUSSION**

Petitioner argues that his arrest and continued detention violate his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. In his opposition to Petitioner's motion for a temporary restraining order, Respondent argues that Petitioner is lawfully detained under § 1226(a) and is "therefore entitled to seek a custody redetermination hearing before an immigration judge." (Doc. No. 12 at 1.) Shortly thereafter, Respondent filed a supplement clarifying that Petitioner *had* requested a custody redetermination hearing on July 22, 2026, that no such bond hearing had been provided, and that "when a bond hearing is provided, Petitioner will have received all the process he is due under § 1226(a)." (Doc. No. 13 at 1.) Respondent does not explain the three-month delay in providing Petitioner with the custody redetermination hearing to which Respondent acknowledges Petitioner is statutorily entitled, nor argue why such an extended delay does not violate § 1226(a).

Section 1226(a) establishes the "general rule" for the "arrest, detention, and release" of noncitizens already present in the United States "who are believed to be subject to removal." *Nielsen v. Preap*, 586 U.S. 392, 396 (2009). Section 1226(a) and its implementing regulations mandate that the government only detain noncitizens believed to be subject to removal "under the authority of Form I-200, Warrant of Arrest" issued by designated supervisory officers. 8 C.F.R. § 236.1(b). Following detention, the government "may" continue to detain such noncitizens "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). The government may additionally detain noncitizens without a warrant in certain exigent circumstances not alleged here. *See* 8 U.S.C. § 1357(a)(2). Regardless of whether the noncitizen's detention is with or without a warrant, Department of Homeland Security ("DHS") officers must conduct an initial custody determination upon the noncitizen's arrest to determine whether detention or release is appropriate under § 1226(a). 8 C.F.R. § 236.1(c)(8). The DHS officer

making this initial custody determination memorializes the decision on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

This court, along with numerous others within the Ninth Circuit, have found that due process requires noncitizens who request a custody redetermination hearing to be promptly provided with one. *See Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) ("[D]ue process required [the petitioner] to be provided with a prompt custody redetermination hearing before an immigration judge."); *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1226 (S.D. Cal. 2019) (emphasizing that there "is a recognized value to a prompt post-deprivation hearing when a fundamental liberty interest is at issue even in non-confinement cases"); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

Here, Petitioner has been deprived of his statutory right to a custody redetermination hearing for three months. Respondent offers no explanation for this delay, nor argument as to why it does not render his continued detention unlawful. Accordingly, for the reasons explained in *Brito*, the court finds that Petitioner's continued detention violates his constitutional right to due process and will grant Petitioner's habeas petition and motion for a temporary restraining order. Further, as the court explained in *Brito*, the proper remedy for this violation is Petitioner's immediate release. 2026 WL 3120979, at *4.

/////

/////

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 10) are GRANTED as follows:

   a. Respondents shall immediately release Petitioner Juan Zacarias Catalan (A-222-597-456) from their custody;

   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;

   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. Petitioner's motion to proceed in forma pauperis (Doc. No. 8) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge